**64 So.2d 224**

### HOUSING AUTHORITY OF NEW ORLEANS v. DOLL et al.

**No. 41096.**

March 23, 1953.

Benjamin Washastrom, New Orleans, for defendant, Joseph Caesar, administrator of the succession of Julius P. Caesar, appellant.

Wm. J. Guste, James M. Colomb, Jr., and Roy F. Guste, New Orleans, for plaintiff-appellee.

Delvaille H. Theard, New Orleans, for Emile M. Doll, defendant-appellee.

Thos. Barr, III, New Orleans, for Thos. S. Buckley, Clerk of Civil Dist. Court, appellee.

Bernard J. Tortomasi, New Orleans, for Arthur Boe, Registrar of Conveyances, appellee.

Lucien J. Fourcade, New Orleans, curator ad hoc, for absent defendants-appellees.

McCALEB, Justice.

This appeal is the outgrowth of a suit brought by Housing Authority of New Orleans to expropriate certain land for public purposes. Appellant, the administrator of the Succession of Julius P. Caesar, and appellee, Emile M. Doll, the adverse claimants to ownership of the property, did not contest the right of expropriation and the trial court granted the prayer of the petition, entering judgment fixing $2000 to be the fair value of the land. This sum was deposited in the registry of the court. Thereafter, Doll was recognized as the last owner of the property entitled, as such, to the fund on deposit. This appeal was taken by the administrator of the Succession of Julius P. Caesar from the adverse decision.

Following the lodging of the appeal here, Doll moved to dismiss it on the ground that it involves exactly $2000, which is below the minimum sum in cases where our appellate jurisdiction is invoked on the sole ground of the monetary amount in controversy.

Appellant has appeared in answer to the motion to dismiss. He concedes that the appeal does not come within our jurisdiction forasmuch as the Constitution provides, Section 10 of Article 7, that the amount in controversy must exceed $2000 and he requests that we transfer the case to the Court of Appeal, the proper appellate forum.

Doll opposes the transfer of the case, contending that appellant should suffer the penalty of absolute dismissal because he prosecuted the appeal here, despite warning and full notice given him that this court was without jurisdiction.

We are not impressed with the opposition. As the law favors appeals, it is not the policy of this court to order an outright dismissal of an appeal improperly brought here. Save in extraordinary circumstances, which we do not find to be present in this case, we will, in the exercise of the discretion vested under LSA–R.S. 13:4441, transfer the cause to the Court of Appeal.

It is ordered that this appeal be transferred to the Court of Appeal, Parish of Orleans, provided that the record is filed in that court within 30 days from the date of the finality of this decree, otherwise, the appeal shall be dismissed. The costs incurred in this court are to be paid by appellant.